IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 95-00476 HG-07 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MOISES GOMEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AMENDMENT 782 (ECF No. 397)**

Defendant Moises Gomez, proceeding pro se, has filed a Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Defendant is not eligible to receive a sentence reduction.

Defendant's "MOTION TO RECONSIDER AMENDMENT 782" (ECF No. 397) is **DENIED**.

**PROCEDURAL HISTORY**

On July 26, 1995, the grand jury returned the Second Superseding Indictment charging Defendant Moises Gomez with two counts:

**Count I** for conspiracy to distribute and possess with intent

1

to distribute in excess of one kilogram of methamphetamine and in excess of one hundred (100) grams of crystal methamphetamine in violation of 21 U.S.C. § 841(a)(1); and

**Count II** for conspiracy to conduct financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  (Second Superseding Indictment,  ECF No. 57).

On December 22, 1995, after a seven-day jury trial, Defendant Gomez was found guilty as to both Counts I and II of the Second Superseding Indictment.  (ECF No. 219).

On May 8, 1996, Defendant was sentenced to 360 months imprisonment as to Count I and 240 months imprisonment as to Count II, to be served concurrently.  (ECF Nos. 265, 269).

On May 14, 1996, Defendant filed an appeal with the United States Court of Appeals for the Ninth Circuit.  (ECF No. 270).

On September 5, 1997, the Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence.  (ECF No. 343).

On July 27, 1998, Defendant filed a MOTION TO VACATE JUDGMENT AND DISMISS.  (ECF No. 361); <u>Gomez v. United States of America</u>, Civ. No. 98-00662HG.

On September 11, 1998, the Court issued an Order Denying

Defendant's Motion to Vacate Judgment and Dismiss (ECF No. 361), which was construed as a Motion filed under 28 U.S.C. § 2255. (ECF No. 365).

On February 24, 2006, the Ninth Circuit Court of Appeals denied Defendant's application for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255. (ECF No. 388).

On October 21, 2014, the Federal Public Defender's Office was appointed as Defendant's counsel to assist him in seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 782 to the United States Sentencing Guidelines. (ECF No. 390).

On April 20, 2015, Defendant, proceeding pro se, filed a "MOTION TO RECONSIDER AMENDMENT 782." (ECF No. 397).

On April 22, 2015, the Federal Public Defender's Office sent a letter to the Court stating that it had determined that Defendant Gomez was not eligible for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines and requested to withdraw as counsel. (ECF No. 398).

On April 23, 2015, the Court granted the Federal Public Defender's request to withdraw as counsel. (ECF No. 399). The Court ordered the Government to respond to Defendant's pro se Motion for Reduction of Sentence and elected to decide Defendant's Motion without a hearing. (Id.)

On April 24, 2015, the Government filed "GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER AMENDMENT 782." (ECF No. 400).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. 28 U.S.C. §§ 994(o),(u). The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission to determine if the defendant is eligible for a reduction in sentence. Dunn, 728 F.3d at 1155.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. The Sentencing Commission provided that Amendment 782 would apply retroactively

to previously-sentenced defendants.  U.S.S.G. §§ 1B1.10(d), (e)(1).  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

The Court determines eligibility for a sentence reduction by examining the amended guideline range that would have been applicable to the defendant if Amendment 782 to the United States Sentencing Guidelines had been in effect at the time the defendant was sentenced.  U.S.S.G. § 1B1.10(b)(1).

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii);  Dillon, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the inquiry.  Defendant is not eligible for a sentence reduction.  Amendment 782 to the United States Sentencing Guidelines did not lower the guideline range applicable to Defendant.

## I.  Calculations at Defendant's Sentencing on May 8, 1996

Defendant's Presentence Investigation Report reflected that at the time of his sentencing on May 8, 1996, the initial base offense level applicable to Defendant was calculated at level 38, because Defendant was responsible for the equivalent of 98,220

kilograms of marijuana.[1]

## II. Defendant is Not Eligible for a Sentence Reduction Because Amendment 782 to the United States Sentencing Guidelines Did Not Lower the Guideline Range Applicable to Defendant

A defendant is not eligible for a sentence reduction if his offense involved a quantity of drugs that remains subject to the maximum base offense level in the Drug Quantity Tables as revised by Amendment 782 to the United States Sentencing Guidelines. U.S.S.G. §§ 1B1.10(a)(2)(B); see United States v. Gonzalez, 2015 WL 854206, *1 (E.D. Cal. Feb. 26, 2015).

Defendant remains subject to the maximum base offense level of 38. Defendant was responsible for the equivalency of 98,220 kilograms of marijuana, which is above the 90,000 kilogram quantity which is the floor of the maximum base offense level of 38 in the amended Drug Quantity Table in § 2D1.1 in the 2014 Sentencing Guidelines. See U.S.S.G. § 2D1.1(c)(1) (2014).

Defendant is not eligible to receive a sentence reduction and his Motion (ECF No. 397) filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing

---

[1] Defendant was responsible for 4.379 kilograms of "ice" and 54.43 kilograms of methamphetamine. The quantities of "ice" and methamphetamine were converted to their marijuana equivalency pursuant to United States Sentencing Guideline § 2D1.1, Commentary 8. Pursuant to Section 2D1.1, 4.379 kilograms of "ice" was equivalent to 43,790 kilograms of marijuana and 54.43 kilograms of methamphetamine was equivalent to 54,430 kilograms of marijuana for a total of 98,220 kilograms of marijuana.

6

Guidelines is **DENIED**.

## CONCLUSION

Defendant's "MOTION TO RECONSIDER AMENDMENT 782" (ECF No. 397) is **DENIED**.

IT IS SO ORDERED.

DATED: July 1, 2015, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

United States v. Moises Gomez, Crim. No. 95-00476 HG-07; **ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AMENDMENT 782 (ECF No. 397)**