IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 95-00476 HG-07 |
| Plaintiff, | ) | |
| vs. | ) | |
| MOISES GOMEZ, aka Santiago, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S SECOND SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 407)**

Defendant Moises Gomez, proceeding pro se, has filed a Second Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.

On July 1, 2015, the Court issued an Order on Defendant's first Motion pursuant to Amendment 782 to the United States Sentencing Guidelines and found that Defendant is not eligible to receive a sentence reduction. Amendment 782 did not lower the sentencing guidelines applicable to Defendant because the drug quantity for which Defendant was found responsible remains at the maximum base offense level of 38 under the amended guidelines.

Defendant's "SECOND SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §

1

3582(c)(2)" (ECF No. 407) is **DENIED**.

## **PROCEDURAL HISTORY**

On July 26, 1995, the grand jury returned the Second Superseding Indictment charging Defendant Moises Gomez with two counts:

**Count I:** Conspiracy to distribute and possess with intent to distribute in excess of one kilogram of methamphetamine and in excess of one hundred (100) grams of crystal methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846; and

**Count II:** Conspiracy to conduct financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

(Second Superseding Indictment, ECF No. 57).

On December 22, 1995, after a seven-day jury trial, Defendant Gomez was found guilty as to both Counts I and II of the Second Superseding Indictment. (ECF No. 219).

On May 8, 1996, Defendant was sentenced to 360 months imprisonment as to Count I and 240 months imprisonment as to Count II, to be served concurrently. (ECF Nos. 265, 269).

On May 14, 1996, Defendant filed an appeal with the United States Court of Appeals for the Ninth Circuit. (ECF No. 270).

On September 5, 1997, the Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence. (ECF No. 343).

On July 27, 1998, Defendant filed a MOTION TO VACATE JUDGMENT AND DISMISS. (ECF No. 361); Gomez v. United States of America, Civ. No. 98-00662HG.

On September 11, 1998, the Court issued an Order Denying Defendant's Motion to Vacate Judgment and Dismiss (ECF No. 361), which was construed as a Motion filed pursuant to 28 U.S.C. § 2255. (ECF No. 365).

On February 24, 2006, the Ninth Circuit Court of Appeals denied Defendant's application for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255. (ECF No. 388).

On April 20, 2015, Defendant, proceeding pro se, filed a "MOTION TO RECONSIDER AMENDMENT 782," which was construed as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (ECF No. 397).

On July 1, 2015, the Court issued an ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AMENDMENT 782. (ECF No. 403).

Two and a half years later, on February 26, 2018, Defendant filed a Second Motion to Reduce Sentence entitled, "DEFENDANT'S SECOND SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)." (ECF No. 407).

The Court elects to decide Defendant's Motion without a hearing pursuant to District of Hawaii Local Rule 7.2(d).

**ANALYSIS**

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010).

**First**, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. 28 U.S.C. §§ 994(o),(u). The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission to determine if a defendant is eligible for a reduction in sentence. Dunn, 728 F.3d at 1155.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1). Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at

4

U.S.S.G. §§ 2D1.1 and 2D1.11.

A defendant may be eligible for a sentence reduction if Amendment 782 to the United States Sentencing Guidelines lowered the sentencing guidelines applicable as to that defendant. U.S.S.G. § 1B1.10. The Court examines the drug quantity for which a defendant was responsible at sentencing pursuant to Section 2D1.1 and 2D1.11. A defendant is only eligible for a sentence reduction if the drug quantity for which defendant was responsible would have resulted in a lower sentencing guideline range if Amendment 782 had been in effect at the time he was sentenced. U.S.S.G. § 1B1.10(b)(1).

**Second**, if a defendant's sentencing guidelines were lowered pursuant to Amendment 782, the Court then must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the inquiry. Defendant Gomez is not eligible for a sentence reduction. Amendment 782 to the United States Sentencing Guidelines did not lower the guideline range applicable to Defendant Gomez.

## I. Calculations At Defendant's Sentencing On May 8, 1996

Defendant's Presentence Investigation Report reflected that

at the time of his sentencing on May 8, 1996, the initial base offense level applicable to Defendant was calculated at level 38, because Defendant was responsible for the equivalent of 98,220 kilograms of marijuana.[1]

II. **Defendant Is Not Eligible For A Sentence Reduction Because Amendment 782 To The United States Sentencing Guidelines Did Not Lower The Guideline Range Applicable To Defendant**

A defendant is not eligible for a sentence reduction if his offense involved a quantity of drugs that remains subject to the maximum base offense level in the Drug Quantity Tables as revised by Amendment 782 to the United States Sentencing Guidelines. U.S.S.G. §§ 1B1.10(a)(2)(B); see United States v. Mercado-Moreno, 869 F.3d 942, 953 (9th Cir. 2017).

Defendant remains subject to the maximum base offense level of 38. Defendant was responsible for the equivalency of 98,220 kilograms of marijuana, which is above the 90,000 kilogram quantity amended in the Drug Quantity Table in § 2D1.1 in the 2014 Sentencing Guidelines. See U.S.S.G. § 2D1.1(c)(1) (2014).

The District Court is precluded from reducing Defendant's

---

[1] Defendant was responsible for 4.379 kilograms of "ice" and 54.43 kilograms of methamphetamine. The quantities of "ice" and methamphetamine were converted to their marijuana equivalency pursuant to United States Sentencing Guideline § 2D1.1, Commentary 8. Pursuant to Section 2D1.1, 4.379 kilograms of "ice" was equivalent to 43,790 kilograms of marijuana and 54.43 kilograms of methamphetamine was equivalent to 54,430 kilograms of marijuana for a total of 98,220 kilograms of marijuana.

sentence because Amendment 782 to the United States Sentencing Guidelines did not modify his applicable guideline range. <u>United States v. Daniels</u>, 633 Fed. Appx. 468 (Mar. 21, 2016) (finding a defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) where defendant remained subject to the maximum base offense level because the amendment to the sentencing guidelines did not lower the range applicable to the defendant, citing <u>United States v. Leniear</u>, 574 F.3d 668, 672 (9th Cir. 2009)).

Defendant argues in his Second Motion for a Sentence Reduction that the District Court erred in denying his first Motion because it failed to consider the factors set forth in 18 U.S.C. § 3553(a).

The United States Supreme Court held that the District Court's authority to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) is limited. <u>Dillon</u>, 560 U.S. at 827. **First**, the defendant has to establish that his sentencing guidelines were lowered pursuant to an applicable amendment to the United States Sentencing Guidelines. **Second**, the defendant has to demonstrate that he is eligible for a reduction pursuant to the factors set forth in 18 U.S.C. § 3553(a).

Contrary to Defendant's position, the sentencing factors in 18 U.S.C. § 3553(a) may only be considered in cases where a defendant's sentencing guidelines have been lowered by an applicable amendment to the United States Sentencing Guidelines.

7

Dillon, 560 U.S. at 827. The United States Supreme Court ruled in Dillon that review of the factors set forth in "§ 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." Id.

The District Court is precluded from lowering a defendant's sentence based on the factors set forth in Section 3553(a) if the defendant's guidelines were not lowered pursuant to an applicable amendment to the United States Sentencing Guidelines. Leniear, 574 F.3d at 673; United States v. Ornelas, 825 F.3d 548, 550 (9th Cir. 2016) (a reduction in the defendant's term of imprisonment is not authorized if the amendment to the sentencing guidelines did not lower the defendant's applicable guideline range).

Defendant is not eligible to receive a sentence reduction. Defendant's Second Motion for a Sentence Reduction (ECF No. 407) filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines is **DENIED.**

//
//
//
//
//
//
//

**CONCLUSION**

"DEFENDANT'S SECOND SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)" (ECF No. 407) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 23, 2018.

Helen Gillmor
United States District Judge

United States v. Moises Gomez, aka Santiago, Crim. No. 95-00476 HG-07; **ORDER DENYING DEFENDANT'S SECOND SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 407)**